IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GREAT LAKES INSURANCE SE,<br><br>    Plaintiff,<br><br>v.<br><br>(1) BANK OF EUFAULA; an Oklahoma Bank;<br>(2) SNB BANCSHARES, INC., on Oklahoma Corporation;<br>(3) JULIE HUFF; and<br>(4) TERRY WADE HUFF,<br><br>    Defendants. | Case No. __18-CV-55-KEW__ |

# COMPLAINT

Plaintiff Great Lakes Insurance SE, formerly known as Great Lakes Reinsurance, (UK) PLC (and referred to herein as "Great Lakes"), for its cause of action against Defendants, alleges and states:

1. Great Lakes is a German company headquartered in Munich. It is a Societas Europea ("SE") incorporated in Germany and registered with the commercial register of the local court of Munich under number HRB 230378, with a registered office at Königinstraße 107, 80802 Munich, Germany. It is a wholly owned subsidiary of Munich Reinsurance Company which is publicly traded on the DAX, a German stock exchange.

2. Defendant Bank of Eufaula ("Bank") is an Oklahoma Bank, doing business at 102 N. Main Street, Eufaula, McIntosh County, Oklahoma, in this Federal Judicial District.

3. Defendant SNB Bancshares, Inc. ("SNB") is an Oklahoma Corporation. SNB is the "parent" company of Bank of Eufaula. Its' registered agent is R.L. Simpson III, and its' address

{S429409;2}

for service is listed as 102 N. Main Street, Eufaula, Oklahoma (the same address as the Bank). Such address is within this Federal Judicial District.

4. Defendants Julie Huff and Terry Wade Huff are residents of McIntosh County, Oklahoma.

5. Jurisdiction and venue are proper in this Court.

6. On or about January 21, 2016, an armed robber entered the Bank. Julie Huff, a Bank customer, was standing inside the Bank at that time. After some brief words were exchanged, the robber shot and killed the Bank President, and then shot a teller who resisted the robber's demand for money. The robber then took Mrs. Huff at gunpoint as a hostage. He forced Mrs. Huff into a vehicle and they left the premises. Law enforcement chased the vehicle while simultaneously firing weapons, and eventually the vehicle became disabled. Mrs. Huff ran from the car as did the robber, who then grabbed Mrs. Huff and appeared to use her as a human shield. During the gunfire, Mrs. Huff was struck and severely injured, and the robber was shot and killed.

7. Plaintiff Great Lakes issued a Commercial General Liability ("CGL") Policy to the Bank of Eufaula. That policy, identified as Policy No. 012781 (See Policy, attached hereto as Exhibit 1), was in effect during the time frame that the assault, murder, attempted robbery, kidnapping and shootings referenced above took place.

8. Defendants Julie Huff and Terry Wade Huff have made claims alleging personal injury against the Bank (See Petition, attached hereto as Exhibit 2). Bank and SNB have in turn made demand on Great Lakes to indemnify the Bank and SNB relative to the claims of the Huffs, pursuant to the Policy referenced above and attached.

9. Great Lakes disputes that the insurance applies and is presently providing a defense in the state court action under a reservation of rights.

10. The Huffs are necessary, proper and/or interested parties here because (a) they are currently seeking a judgment which Bank and SNB claim is covered by the Policy; and (b) the Huffs are potential judgment creditors who, upon information and belief, would proceed directly against Great Lakes to satisfy any judgment they may obtain in the state court action. As parties herein, the Huffs will be bound by any declaration rendered in this action with respect to coverage under the Policy.

11. There is a real and justiciable controversy between the parties whereby Great Lakes asks this Court to inquire into and declare the rights and obligations of the parties as it pertains to coverage under a commercial general liability insurance policy. 28 U.S.C. § 2201; Rule 57, Federal Rules of Civil Procedure.

12. The Court has jurisdiction because (a) Great Lakes is a citizen of a foreign state; (b) Defendants are citizens of Oklahoma; and, (c) the amount in controversy exceeds $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332 (a)(2).

13. Venue is proper in this judicial district because all Defendants are residents of Oklahoma and reside in this judicial district. 28 U.S.C. §1391 (b)(1).

14. Ms. Huff's injuries and claimed damages are all of a personal injury nature, and arise out of an assault or battery, or out of any act or omission in connection with assault or battery, or with the prevention or suppression of an assault or battery, as set forth in the Policy Exclusions noted below.

## THE POLICY

15. The Policy provides three coverages: Coverage A - "bodily injury" and "property damage" liability; Coverage B - "personal and advertising injury" liability; and, Coverage C -

medical payments. The underlying suit does not make any claims arising out of or pertaining to "property damage" liability, "personal and advertising injury" liability or medical payments.

16. The Policy states in pertinent part as follows (Exhibit 1):

    1. Insuring Agreement.

        a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

        b. This insurance applies to "bodily injury" and "property damage" only if:

            (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and,

            (2) The "bodily injury" or "property damage" occurs during the policy period.

17. The Policy provides, in part, in Coverage A, Section 1 of the CGL form (page 34 of Exhibit 1):

    **2. Exclusions**

    This insurance does not apply to:

        **a. Expected or Intended Injury**

        "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

18. The Policy also provides an Endorsement which amends the above section. That Endorsement (Common Endorsement – 1, p. 45 of Exhibit 1) reads, in pertinent part, as follows:

2. **EXCLUSION - EXPECTED OR INTENDED INJURY AND ASSAULT OR BATTERY**

Exclusion a. of Coverage A (Section I) Is deleted and replaced with the following:

"Bodily injury" or "property damage":

(1) expected or intended from the standpoint of any insured;
(2) arising out of assault or battery, or out of any act or omission in connection with assault or battery, or with the prevention or suppression of an assault or battery;

19. Thus, the pertinent part of the section, in effect at the time of this incident, has been amended to read as follows:

2. **Exclusions**

This insurance does not apply to:

"Bodily injury" or "property damage":

(1) expected or intended from the standpoint of any insured;
(2) arising out of assault or battery, or out of any act or omission in connection with assault or battery, or with the prevention or suppression of an assault or battery.

20. The Policy also provides the following Exclusion for punitive damages:

**EXCLUSION - PUNITIVE DAMAGES**
This insurance does not apply to any claim or indemnification for punitive or exemplary damages. If a suit seeking both compensatory and punitive or exemplary damages has been brought against you for a claim covered by this policy, we will provide defense for such action. We will not have any obligation to pay for any costs, interests or damages attributable to punitive or exemplary damages.

## DECLARATORY RELIEF

21. Based on the foregoing, Great Lakes seeks a declaration as to its duties and obligations under the policy, if any, with respect to the underlying suit.

22. Specifically, Great Lakes seeks a declaration that:

(a) There is no obligation to defend or indemnify for the damage claims of Julie or Terry Wade Huff under the Policy in question, and

(b) There is no obligation to defend or indemnify for any punitive damages claims of Julie or Terry Wade Huff under the Policy in question.

23. Great Lakes therefore prays that the Court will enter its Judgment in this matter declaring:

(a) the insurance does not apply to the claims or damages sought by the Huffs in the underlying suit;

(b) Great Lakes has no obligation or duty to defend, indemnify or otherwise make any payments to or on behalf of Bank or SNB or any other person or entity regarding the claims in the underlying suit; and,

(c) Great Lakes has no obligation or duty to make any payment to the Huffs by reason of any claim asserted against Bank or SNB in the underlying suit.

Great Lakes also prays for such other and further relief as this Court deems fair and equitable as may be appropriate to enforce these declarations.

Respectfully submitted,

*s/Jeffrey A. Curran*
Jeffrey A. Curran, OBA #12255
GABLEGOTWALS
One Leadership Square, Suite 1500
211 North Robinson Avenue
Oklahoma City, OK 73102
Telephone:    405-235-5500
Facsimile:    405-235-5537
Email:   jcurran@gablelaw.com

## CERTIFICATE OF SERVICE

 I hereby certify that on the 23rd day of February 2018, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.

                *s/Jeffrey A. Curran*
                Jeffrey A. Curran